HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MILES PARTMAN,

              Plaintiff,

      v.

CITY OF SEATTLE,

              Defendant.

CASE No. 2:22-cv-1788-RAJ

ORDER

## I.     INTRODUCTION

This matter comes before the Court *sua sponte*.  For the reasons that follow, the Court **DISMISSES** Plaintiff's Complaint with leave to amend.

On December 16, 2022, Plaintiff filed this action against Defendant City of Seattle. Dkt. ## 1-1, 7.  Plaintiff also submitted an application to proceed *in forma pauperis*, Dkt. # 1, which Plaintiff then amended as required by the Court. Dkt. ## 4, 5.  On December 28, 2022, the Honorable S. Kate Vaughan granted Plaintiff's application while recommending review under 28 U.S.C. § 1915(e)(2)(B).  Dkt. # 6.

Plaintiff's claim is somewhat difficult to decipher, but Plaintiff seems to generally assert that the Seattle Police Department ("SPD") obstructed justice in violation of 18 U.S.C. § 1503 by sabotaging a lawsuit he filed in October 2022 alleging that he was

1  trafficked by the ride-share company Uber. Dkt. #7 at 4. Plaintiff alleges that SPD

2  attempted to sabotage this lawsuit by tapping his phone, taking control of the Uber Eats

3  application that he uses to obtain work, and engaging in a sting operation against him. *Id.*

4  at 4-5. Plaintiff alleges that he knew SPD was controlling his phone because when he

5  attempted to use it, the battery would quickly die. *Id.* Plaintiff further alleges that SPD

6  violated his Fourth Amendment right to be free from unreasonable searches and seizures

7  due to two searches in December 2021 and February 2022, and generally does not

8  provide "reasonable public safety services" to taxpayers. *Id.* As for relief, Plaintiff

9  requests backpay, rent payments, damages, and for an order ending SPD's alleged sting

10 operation. *Id.* at 6.

## II.    DISCUSSION

12         The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C.

13 § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court

14 determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

15 which relief may be granted; or (iii) seeks monetary relief against a defendant who is

16 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d

17 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis

18 complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis

19 in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to

20 state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl.*

21 *Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

22         "The legal standard for dismissing a complaint for failure to state a claim under 28

23 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal

24 Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302,

25 at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits

26 a court to dismiss a complaint for failure to state a claim. The rule requires the court to

27 assume the truth of the complaint's factual allegations and credit all reasonable inferences

arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Taking all allegations in the light most favorable to the Plaintiff, the Court finds that the Complaint fails to state a claim upon which relief can be granted. Regarding his obstruction of justice claim, Plaintiff alleges that SPD engaged in a sting operation against him, took over gig applications on his phone, and improperly communicated with court staff regarding the alleged sting. The federal obstruction of justice statute, 18 U.S.C. §1503, is a criminal statute that prohibits an individual from influencing or injuring an officer of the court or juror and does not provide a civil cause of action for private individuals such as the Plaintiff. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (holding that amendment of 18 U.S.C. § 1503 claim was "futile" because it is "a criminal statute that does not provide for a private cause of action"), *aff'd*, 525 U.S. 299 (1999), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Because there is no private right of action under 18 U.S.C. § 1503, the Court therefore **DISMISSES** Plaintiff's obstruction of justice claim without leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Concerning the constitutional claim, Plaintiff's complaint fails to demonstrate that he is entitled to relief. Plaintiff alleges that in December 2021 an undercover SPD team went into his hotel room in Lakewood, Washington without a warrant by using his room key card, "went thru anything [plaintiff] left in the hotel room and then twisted any plastic bags [Plaintiff] had in the room in bow tie knot." Dkt. # 7 at 5. Additionally, Plaintiff alleges that SPD entered Plaintiff's Tukwila apartment in February 2022 and left

1   a garbage bag that he had previously taken out that morning. *Id.* Plaintiff provides little

2   more than these bare allegations regarding the alleged searches. For this, Plaintiff

3   requests that SPD be fined $100 for violating his constitutional rights.

4          The Fourth Amendment prohibits unreasonable searches and seizures, and these

5   protections extend to hotel and motel rooms. *U.S. v. Young*, 573 F.3d 711, 715 (9th Cir.

6   2009). However, the sparse facts alleged here do not give rise to an unreasonable search

7   or seizure claim under the Fourth Amendment. *See Levi v. Alaska*, 781 F.App'x 651 (9th

8   Cir. 2019) (affirming district court's sua sponte dismissal of complaint where plaintiff

9   failed to allege any facts showing a constitutional violation). Plaintiff's allegations that an

10  undercover SPD team went into his hotel room and tied knots on plastic bags and left a

11  bag of garbage in his kitchen do not give rise to a plausible inference that unreasonable

12  searches even took place at those locations. Therefore, the Court dismisses Plaintiff's

13  Fourth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff, however, may

14  amend the complaint. "Unless it is absolutely clear that no amendment can cure the

15  defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

16  opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d

17  245, 248 (9th Cir. 1995) (per curiam). The Court therefore grants Plaintiff **twenty-one**

18  **(21) days** to file an amended complaint that states a valid claim for relief. If Plaintiff fails

19  to timely comply with this Order by filing an amended complaint that corrects the

20  deficiencies noted above, the Court will dismiss this action without leave to amend.

21          //

22          //

23          //

24          //

25          //

26          //

27          //

ORDER- 4

### III.    CONCLUSION

For the reasons stated above, Plaintiff's obstruction of justice claim is **DISMISSED** with prejudice. Plaintiff may file an amended complaint regarding his Fourth Amendment claim within **twenty-one (21) days** of the Order. If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action with prejudice.

DATED this 13th day of January, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER- 5